# NOS. 12-21-00020-CR
## 12-21-00021-CR
## 12-21-00022-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | § | |
| *HUBERT EARL LAKE, JR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

---

### MEMORANDUM OPINION
### PER CURIAM

The "Estate of Hubert Earl Lake, Jr. A Free-Born, State National of Texas," acting pro se, filed an "Emergency Petition for Writ of Habeas Corpus for an Unsound Man in Need of Hospitalization but Taken to Jail and Left in Jail Longer than 90 Days."[1] The petition asserts that it is a "prerogative writ," not statutory, governed by the common law. Among many allegations in the petition is that Lake was declared mentally incompetent on July 3, 2020, but remains incarcerated without adequate treatment for his mental health. The petition seeks suppression of the criminal charges against Lake and dismissal with prejudice, Lake's release to a mental health facility for outpatient treatment, and compensation to Lake and his guardian for certain expenses.

On February 10, 2021, the Clerk of this Court notified Relator that his petition failed to comply with Texas Rules of Appellate Procedure 52.3(a)–(g) and (j)-(k), and 52.7.[2] *See* TEX. R. APP. P. 52.3 (form and contents of petition); *see also* TEX. R. APP. P. 52.7 (record). The notice

---

[1] Respondent is the Honorable Kerry L. Russell, Judge of the 7th District Court in Smith County, Texas. The State of Texas is the Real Party in Interest.

[2] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. ***Muhammed v. Plains Pipeline, L.P.***, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.— Tyler June 21, 2017, no pet.) (mem. op.).

further requested that Relator amend his petition on or before February 22. On February 25, Relator filed a letter complaining of this Court's refusal to accept a filing by facsimile during the recent winter storm and failure to refer to Relator as the "Estate." The letter further states that "the 'Estate' will not amend without the direction of the court" and "Your request to have the 'Estate' make the common law writ to comply with Tex. R. App. P., is not in the best interest of the Estate, and at its discretion it has decided not to amend the WRIT without the directive of the Court."[3]

"An original appellate proceeding seeking extraordinary relief--such as a writ of habeas corpus, mandamus, prohibition, injunction, or quo warranto--is commenced by filing a petition with the clerk of the appropriate appellate court." TEX. R. APP. P. 52.1. The party seeking relief must bring forward all that is necessary to establish his claim for relief. *See* TEX. R. APP. P. 52. The petition must contain certain items, including identity of parties and counsel, identification of issues presented, table of contents, index of authorities, statements of the case, jurisdiction, and facts, a certification, and an appendix. *See* TEX. R. APP. P. 52.3. Texas Rule of Appellate Procedure 52.7 requires the relator to file a record as part of his petition in an original proceeding. *See* TEX. R. APP. P. 52.7. Specifically, a relator must file (1) a certified or sworn copy of every document that is material to his claim for relief and that was filed in any underlying proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a).

It is a relator's burden to provide this court with a record sufficient to establish the right to relief. *See **In re Mack***, No. 12-19-00238-CV, 2019 WL 3024757, at *1 (Tex. App.–Tyler July 10, 2019, orig. proceeding) (mem op.); ***In re Daisy***, No. 12-13-00266-CR, 2014 WL 5577068, at *2 (Tex. App.–Tyler Aug. 29, 2014, orig. proceeding) (mem. op., not designated for publication). Not only did Relator expressly refuse to amend his petition to comply with Rule 52.3, but Relator did not provide a record in accordance with Rule 52.7. Absent a record, we cannot determine whether Relator is entitled to relief. *See **In re McCreary***, No. 12-15-00067-

---

[3] Relator appears to be concerned that the notices sent by the Clerk of this Court do not amount to communication from the Court itself. However, this Court has a standing order that authorizes the Court Clerk and her staff to sign on behalf of this Court's justices all orders that pertain to acquisition and filing of the record, briefs, motions, or other documents attendant to preparation of a case for submission. It is the responsibility of the Clerk's office to send such notices. *See* TEX. R. APP. P. 12.6. Additionally, communications with the Court about a case must be made through the Clerk's office. *See* TEX. R. APP. P. 9.6.

CR, 2015 WL 1395783 (Tex. App.–Tyler Mar. 25, 2015, orig. proceeding) (mem. op., not designated for publication).

Because Relator's petition fails to comply with the appellate rules, he presents nothing for this Court to review. Therefore, we ***deny*** his petition for writ of habeas corpus.  All pending motions are ***overruled as moot***.

Opinion delivered March 10, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 10, 2021**

**NO. 12-21-00020-CR**

**HUBERT EARL LAKE, JR.,**
Relator
V.

**HON. KERRY L. RUSSELL,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Hubert Earl Lake, Jr.; who is the relator in appellate cause number 12-21-00020-CR and the defendant in trial court cause number 007-0662-20, pending on the docket of the 7th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on February 10, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 10, 2021**

**NO. 12-21-00021-CR**

**HUBERT EARL LAKE, JR.,**
Relator
V.

**HON. KERRY L. RUSSELL,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Hubert Earl Lake, Jr.; who is the relator in appellate cause number 12-21-00021-CR and the defendant in trial court cause number 007-0663-20, pending on the docket of the 7th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on February 10, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 10, 2021**

**NO. 12-21-00022-CR**

**HUBERT EARL LAKE, JR.,**
Relator
V.

**HON. KERRY L. RUSSELL,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Hubert Earl Lake, Jr.; who is the relator in appellate cause number 12-21-00022-CR and the defendant in trial court cause number 007-0664-20, pending on the docket of the 7th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on February 10, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*